Affirmed and Memorandum Opinion filed January 9, 2007








Affirmed and Memorandum Opinion filed January 9, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01223-CR

____________

 

JERRY WAYNE GREEN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 1008352

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant Jerry Wayne AWeasey@ Green of murder
and assessed punishment at eighty years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  In two
issues, appellant challenges the legal and factual sufficiency of the
evidence.  We affirm.








I.  BACKGROUND

On November 18, 2004, around 11:00 p.m., the complainant
Anthony ACraig@ Johnson was shot
in the back of the head at a range of less than two feet as he stood watching a
group of people play dice in a tire shop.

Two groups of people were gambling at the tire shop.  At
one table, Sam ABoo@ Davis, ABig Keith@ Spates, Gary
Marshall, and Pat were shooting dice, while the complainant was observing.  At
another table, appellant, Jock, Andrew ADrew@ Toussaint, and
Will were playing poker.  The poker players left their table.  Jock and Will
left the tire shop, but Toussaint and appellant stayed inside.  When the complainant
was shot, Toussaint was standing by the dice table, and appellant was standing
near the door, behind the complainant and to his left side.  The witnesses
initially told the police that they did not see anyone with a gun or observe an
altercation; they only heard a gunshot and saw the complainant fall to the
floor.  He later died at the hospital.

All of those in the tire shop during the shooting testified
at trial except for Pat.  All gave similar accounts concerning where each
person was standing at the time of the shooting and what appellant said
following the shooting.  However, only Davis testified that he saw appellant
shoot the complainant.  Spates testified that he did not see the shooting, but
looked at appellant after the shot was fired and saw appellant holding a
revolver.  Marshall testified that he did not see the shooting or the gun but
heard appellant say, AHe trying to get Drew jacked.@  Toussaint
testified that he did not see appellant with a gun but that appellant said
immediately following the shooting that the complainant was planning to rob
him.








No bullet casings or slugs were recovered, either in the
victim=s body or at the
tire shop.  The bullet entered and exited the complainant=s skull but was
not found anywhere on the ground.  Officers testified that it is normal not to
find bullet casings at the scene of a crime if a revolver was used.  They also
testified that it is equally common not to find bullet slugs.  The testimony
from police and medical experts was consistent with the witnesses= placement of
appellant relative to the victimCmeaning, that the
testimony and physical evidence was consistent in placing appellant within two
feet of the complainant, to his rear left side.  However, there was no physical
evidence linking appellant to the shooting.

Appellant briefly testified in his own defense.  He
expressly denied killing the complainant.  He also presented testimony from
Toussaint and others around the neighborhood that appellant never carried a
weapon.  Additionally, appellant=s witnesses
testified that the State=s eyewitnesses did not have a good
reputation for truthfulness and one of them had previously threatened appellant
with a gun.

II.  ANALYSIS

                                               A. 
Legal Sufficiency

In his
first issue, appellant contends the evidence was legally insufficient to
sustain his conviction.  In a legal-sufficiency challenge, we employ the
familiar standard of viewing the evidence in the light most favorable to the
verdict.  King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  If
any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt, we will affirm.  Id.  Although we
consider all evidence presented at trial, we may not re‑weigh the
evidence and substitute our judgment for that of the jury.  Id.  The
jury is the exclusive judge of the credibility of witnesses and of the weight
to be given their testimony, and it is the exclusive province of the jury to
reconcile conflicts in the evidence.  Wesbrook v. State, 29 S.W.3d 103,
111 (Tex. Crim. App. 2000).

Appellant
maintains that the evidence amounts to no more than strong suspicion of his
guilt.  Appellant posits that it is equally as likely that one of the
eyewitnesses shot the complainant as it is that he shot him.  However, given
the state of the evidence, appellant essentially asks us to determine that the
jury=s assessment of witness credibility
was erroneous and to invalidate that assessment, which we cannot do.








Davis testified that he saw appellant shoot the
complainant. Spates testified that immediately following the shooting, he saw
appellantCand no one elseCwith a gun in his
hand.  Davis, Spates, Marshall, and Toussaint testified that after the
shooting, in response to an inquiry as to why the complainant was shot,
appellant told Toussaint to leave and that the complainant was planning to rob
Toussaint. Thus, there is both direct and circumstantial evidence that
positively identifies appellant as the shooter.  Accordingly, the evidence is
legally sufficient to support appellant=s conviction.  We
overrule appellant=s first issue.

                                             B. 
Factual Sufficiency

In his second issue, appellant challenges the factual
sufficiency of the evidence.  When conducting a factual‑sufficiency
review, we view all of the evidence in a neutral light.  Cain v. State,
958 S.W.2d 404, 408 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d
126, 134 (Tex. Crim. App. 1996).  We may set the verdict aside if: (1) the
evidence is so weak that the verdict is clearly wrong and manifestly unjust or
(2) the verdict is against the great weight and preponderance of the evidence. 
Watson v. State, 204 S.W.3d 404, 414B15 (Tex. Crim.
App. 2006) (citing Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)).  However,
while we may disagree with the jury=s conclusions, we
must exercise appropriate deference to avoid substituting our judgment for that
of the jury, particularly in matters of credibility.  Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005); see also Watson, 204 S.W.3d
at 414 (stating that a court should not reverse a verdict it disagrees with,
even though supported by legally sufficient evidence, unless the verdict
represents a manifest injustice).  Also, in our review, we must discuss the
evidence that, according to appellant, most undermines the jury=s verdict.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 








Turning to the first basis upon which we may reverse, the
evidence was not so weak that the verdict is clearly wrong and manifestly
unjust.  Among the eyewitnesses who testified, one stated that he actually saw
appellant shoot the victim.  The others provided circumstantial evidence, such
as appellant being the only one holding a gun immediately following the shooting
and appellant providing an apparent explanation for the shooting.  The physical
evidence also supports the eyewitness accounts.  While appellant attempted to
undermine the witnesses= credibility at trial, it was ultimately
the jury=s province to
accept or reject that testimony.  The jury did so, and its verdict is not
clearly wrong and manifestly unjust.

The only evidence presented at trial directly refuting the
State=s case is
appellant=s testimony unequivocally denying that he murdered the
complainant.  Additionally, Toussaint testified that he did not observe
appellant with a gun, even after the shooting.  However, Toussaint also
testified that it is possible appellant had a gun, but he simply could not see
it.  The jury was faced with competing theories:  the eyewitness accounts
placing appellant as the shooter, or appellant=s denial that he
was the shooter.  It is the jury=s role to chose
between those theories, which it did. 

The verdict is neither clearly wrong and manifestly unjust,
nor is it against the great weight and preponderance of the evidence.  Rather,
it reflects the jury=s decision to believe some of the
witnesses, and not others, which is its role.  The evidence is not factually
insufficient. We overrule appellant=s second issue.

III.  Conclusion

Having overruled both of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed January 9, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).